UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT GOLDER,                         )
                                       )
            Petitioner,                )
                                       )
v.                                     )    No. 1:05-CV-1431-SEB-VSS
                                       )
TOM HANLON,                            )
                                       )
            Respondent.                )

**Entry Discussing Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

In his petition for a writ of habeas corpus, Robert Golder challenges the validity of a disciplinary proceeding in which he was found guilty of the prison infraction of possession of any controlled substance.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Golder's habeas petition identifies the disciplinary proceeding he is challenging as having occurred on May 3, 2005. The expanded record shows that in fact a hearing was held on that date. In the course of Golder's administrative appeal, however, it was determined that the matter would be reheard. A new hearing was conducted on June 22, 2005. Golder was again found guilty and was sanctioned.

Golder's habeas petition is misplaced, as the respondent points out, because he is not in custody as a result of the disciplinary proceeding conducted on May 3, 2005. That decision, and the sanctions along with it, were superseded by the proceeding conducted on June 22, 2005. Additionally, as the respondent also argues without contradiction or opposition from Golder, the expanded record shows that (1) there was "some evidence" to support the decision at the June 22, 2005, hearing, which is sufficient to satisfy due process under *Superintendent of Walpole v. Hill,* 472 U.S. 445, 105 S. Ct. 2768 (1985), and (2) the procedural requirements of *Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963 (1974), were followed.

There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Golder to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, the petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 01/06/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana